```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

| | |
|---|---|
| RAYMOND B. BIELSKIS, <br><br> Plaintiff, <br><br> v. <br><br> LOUISVILLE LADDERS INC., a Foreign Corporation, <br><br> Defendant. | Case No. 07 c 1411 <br><br> Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Louisville Ladder's ("Defendant") Motion to Dismiss Counts I, II, III, and V of Plaintiff's Complaint. For the following reasons, Defendant's motion is **denied in part**, and **granted in part**.

### I. BACKGROUND

The following relevant facts are taken from the pleadings and read in the light most favorable to the Plaintiff, with any conflicting pleadings resolved in his favor.

In March 2005, Plaintiff was standing on a scaffold manufactured by Defendant when the scaffold's wheel broke, causing Plaintiff to fall and sustain injuries. Plaintiff alleges that when Defendant originally sold the scaffold to a dealer in 1997, a threaded stud was defective, and that this defect caused the 2005 accident.

Plaintiff's complaint consists of five counts. Count IV alleges negligence, while Counts I, II, III, and V all sound in strict

liability, with each presenting a different theory of recovery under that cause of action. Count I claims a manufacturing defect, Count II claims a design defect, Count III claims failure to warn of a defect, and Count V relies on the doctrine of *res ipsa loquitur*. Defendant seeks dismissal of Counts I, II, III, and V on the grounds that they are duplicative in that they each sound in the same cause of action. Defendant additionally seeks dismissal of Count V on several other grounds.

## II. **DISCUSSION**

A Rule 12(b)(6) motion is designed only to "test the sufficiency of the complaint, not to decide its merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Dismissal is proper only when the complaint lacks either a cognizable legal theory or fails to allege sufficient facts under a cognizable theory. *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995). The Court must take the facts alleged by the plaintiffs as true and must construe all allegations in the complaint in the light most favorable to the plaintiffs. *Colfax Corp. v. Illinois State Toll Highway Authority*, 79 F.3d 631, 632 (7th Cir. 1996).

### A. **Defendant's Argument that Counts I, II, III, and V are Improperly Duplicative**

Defendant contends that a plaintiff cannot allege the same cause of action in multiple counts. The Federal Rules of Civil Procedure directly address this point, providing that "[a] party may set forth two or more statements of a claim or defense alternatively or

hypothetically, *__either in one count or defense or in separate counts or defenses__*." Fed. R. Civ. P. 8(e)(2)(emphasis added). The Court thus must reject Defendant's argument. It is entirely consistent with the rules of pleading for a plaintiff to use four separate counts to plead four distinct theories of proof (*i.e.*, statements of a claim) of the same cause of action.

### B. Defendant's Additional Attacks on Count V

Defendant makes three additional attacks on Count V. First, it contends that *res ipsa loquitur* cannot be pled as a separate count because it is a principle of evidence, not a cause of action. Second, Defendant contends that *res ipsa loquitur* does not apply to a strict liability claim. Finally, Defendant argues that even if Count V is theoretically proper, Plaintiff has not pled facts establishing the applicability of *res ipsa loquitur*.

The Court rejects Defendant's first argument. Although it is true that *res ipsa loquitur* is not a cause of action, it is a judicially approved means of proving a cause of action. *See Welge v. Planters Lifesavers Co.*, 17 F.3d 209, 211 (7th Cir. 1994). There is nothing generally improper about pleading one's intent to rely on a specific method of establishing the elements of a cause of action, and numerous Illinois cases and federal cases applying Illinois law have implicitly or explicitly approved the pleading of *res ipsa*. *See, e.g.*, *Smith v. Illinois Cent. R.R. Co.*, 223 Ill.2d 441 (2006); *Delvecchio v. General Motors Corp.*, 255 Ill.App.3d 189, 195 (5th

Dist. 1993); and *Harms v. Laboratory Corp. of America*, 155 F.Supp.2d 891 (N.D. Ill. 2001). Defendant's only authority indicating otherwise, *Schur v. L.A. Weight Loss Ctrs., Inc.*, 2006 U.S. Dist. LEXIS 49176 (S.D. Ill. 2006), is unpersuasive because it contains no analysis or citations. The Court is also disinclined to give greater weight to an unpublished federal district court opinion than to the myriad Illinois decisions permitting the pleading of *res ipsa*.

The Court also rejects Defendant's second argument. Defendant argues that Illinois law does not provide for pleading *res ipsa* under the strict liability cause of action. But numerous cases have held that *res ipsa*'s circumstantial-evidence-based method of proving liability applies in both the negligence and strict liability contexts. *See, e.g.*, *St. Paul Fire and Marine Ins. Co. v. Michelin Tire Corp.*, 12 Ill.App.3d 165, 178 (1st Dist. 1973) ("The underlying principle [of *res ipsa loquitur*] that circumstantial evidence may create inferences of fact which are not otherwise subject to direct proof is entirely consonant with a strict liability theory."); *Welge*, 17 F.3d at 211 ("The doctrine [of *res ipsa loquitur*] merely instantiates the broader principle, which is as applicable to a products case as to any other tort case, that an accident can itself be evidence of liability."). Indeed, in one case, an Illinois appeals court specifically held that it was error for the trial court to dismiss a strict liability *res ipsa* count because doing so "improperly deprived [the plaintiff] of a theory upon which to try his case." *Delvecchio*, 255 Ill.App.3d at 195. Defendant urges the

Court to discount this authority but offers no Illinois case that has directly addressed the issue and held differently.

Defendant further insists that Illinois courts have not really recognized *res ipsa* in the strict liability context but have instead only recognized a *variant* of the doctrine in that context. But this is a distinction without a difference, as even with traditional *res ipsa*, the plaintiff holds the burden of establishing the necessary elements. *Collins v. Superior Air-Ground Ambulance Service, Inc.*, 338 Ill.App.3d 812, 816 (1st Dist. 2003). It is thus immaterial how Plaintiff labels Count V, so long as he sufficiently alleges facts on which a jury could find for him.

Unfortunately for Plaintiff, the Court is compelled to accept Defendant's third argument – that Plaintiff has not sufficiently pled *res ipsa*. According to the Seventh Circuit, the strict liability variant of *res ipsa* has two elements: (1) that the case present "the kind of accident that would not have occurred but for a defect in the product," and that (2) "it [be] reasonably plain that the defect was not introduced after the product was sold." *Welge*, 17 F.3d at 211. Here, Plaintiff has failed to adequately plead either of these elements.

Plaintiff has pled the first element under the wrong standard. Plaintiff alleges that "the threaded stud at the caster of the scaffold . . . would not have broken . . . in the absence of **negligence**, rendering the product unreasonably dangerous when it left the control of the manufacturer" (emphasis added). This allegation

- 5 -

(that the accident would not have occurred without Defendant's negligence) is inconsistent with a strict liability theory, which by definition does not require a showing of negligence.

As to the second element, Plaintiff alleges only that the scaffold broke "as a direct and proximate result" of a stud that was defective at the time it left the manufacturer's control, and that Plaintiff was not contributorily negligent. But the cases generally require the Plaintiff's evidence to rule out other reasonable causes for the defect besides the defendant. *See, e.g.*, *St. Paul*, 12 Ill.App.3d at 178 (citation omitted)(requiring "proof of a malfunction which tends to exclude other extrinsic causes"); and *Doyle v. White Metal Rolling and Stamping Corp.*, 249 Ill.App.3d 370, 376 (1st Dist. 1993)(requiring a showing of no abnormal use of the product and no reasonable secondary cause). Although Defendant incorrectly frames its argument in terms of the traditional (negligence-based) *res ipsa*'s "exclusive control" requirement, Defendant's basic point is well taken. Plaintiff has failed to allege facts that tend to exclude the possibility that the stud became defective after Defendant sold the scaffold. Proof merely that the accident occurred would not create a preponderant inference that Defendant created the defect allegedly underlying the accident.

Finally, although the Court finds Count V insufficient as currently pled, it remains theoretically possible for Plaintiff to plead facts consistent with the above-noted standards. This would appear to be a daunting task in light of the fact that nearly eight

years passed between Defendant's sale of the scaffold and the accident, but the Court will permit Plaintiff to re-plead if he believes he can do so in good faith.

### III. CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss Counts I, II, III, and V of Plaintiff's Complaint is **denied** as to Counts I, II, and III and **granted** as to Count V.  Count V is hereby **dismissed without prejudice**.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　　　United States District Court

**DATE:** 7/18/2007